# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2026

Lyle W. Cayce
Clerk

No. 25-50929
Summary Calendar

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonio Manuel Vazquez-Rodriguez,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:25-CR-1034-1

———————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Antonio Manuel Vazquez-Rodriguez appeals following his conviction and sentence under 8 U.S.C. § 1326(a) for illegal reentry into the United States after deportation, arguing that the sentencing enhancement provision of 8 U.S.C. § 1326(b) is unconstitutional. The Government has filed a motion for summary affirmance asserting that Vazquez-Rodriguez's

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50929

challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or, alternatively, for an extension of time to file a brief. Although Vasquez-Rodriguez takes no position on the motion for summary affirmance, he acknowledges his argument is foreclosed and raises the issue to preserve it for further review.

The parties are correct that Vasquez-Rodriguez's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp.*, *Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the district court's judgment is AFFIRMED.